SMITH et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 1, 1899.)

No. 47.

1. CUSTOMS DUTIES—CLASSIFICATION—CROCUS.

Crocus, produced from the dross or residuum of burn pyrites, principally used as polishing powder, but to a considerable extent as a painter's color, is not dutiable under Tariff Act 1890 (26 Stat. 567, c. 1244) par. 133, as the dross or residuum from burnt pyrites, or as a nonenumerated article, under section 4, since it has been improved by manufacture, but is included, under paragraph 61, within the classification of paints or colors, whether dry or mixed.

2. SAME—TEST—PREDOMINANT USE—WHEN APPLIED.

The test of predominant use, as applied to the classification of an article for duty under Tariff Act 1890 (26 Stat. 567, c. 1244), is only resorted to where necessary to properly classify an article falling within two or more classifications, either of which, standing alone, would adequately describe it, and where the article is enumerated by reference to its use.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Albert Comstock and Everit Brown, for appellants.

Henry L. Burnett, U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The importations in controversy were "crocus," an article which is produced from the dross or residuum of burnt pyrites treated by a process to eliminate the sulphur, and which is used principally as a polishing powder, but to a considerable extent as a painter's color. This appeal presents the question whether the importations should have been classified for duty under paragraph 61 of the tariff act of 1890 (26 Stat. 567, c. 1244), or under paragraph 133, or under those tariff provisions applicable to articles not enumerated or otherwise provided for in the act. Paragraph 61 subjects to duty "all other paints or colors." Paragraph 133 subjects to duty "iron ore, including * * * the dross or residuum from burnt pyrites." The importations are clearly not within the designation of paragraph 133, because they have been advanced beyond the category there defined, into an article having a distinctive name and character, by a process of treatment which adapts them to a different use, although not exclusively so. Although they are not described by the specific name by which they are commonly called, they meet the description of a paint or color as fully as do many other articles enumerated under that general classification. Paragraph 61 is the concluding clause of the schedule in the act entitled "Paints, Colors and Varnishes"; and the preceding clauses of the schedule enumerate among other paints and colors such articles as "ochery earths," "sienna earths," "umber earths," "barytes," "whiting," and "oxide of zinc." Paragraph 61 is intended to prescribe the duty on all other paints and colors not specifically mentioned in the preceding clauses. As the importations are within the description of the paragraph, and are nowhere else enumerated in the act by their specific name, that paragraph supplies their appropriate classification for duty purposes. Being there enumerated by a general descriptive term, those provisions of the tariff act relating to articles not enumerated or not otherwise provided for cannot be resorted to for the purpose of ascertaining their proper classification.

If the importations were not capable of use as colors, they would not be dutiable under paragraph 61, because they would not have been colors in fact. But because they were adapted also for some other use, though that were the predominant use, they were none the less colors. The test of predominant use is only resorted to in those cases where it is necessary to find the proper location of a dutiable article which falls within two or more classifications, either of which, standing alone, would adequately describe it, and in those cases in which an article is enumerated by reference to its use. Thus, if a duty were imposed by the act upon "polishing powder," and another upon "colors," and there were no other provisions indicative of the legislative intent, the importations now in controversy would be described by both, and it would be appropriate to resort to that test; and, because the predominant use of crocus is as a polishing

powder, it would be more appropriately located for duty under that provision.

We concur in the conclusions reached by the court below (84 Fed. 158) and by the board of general appraisers. The decision of the circuit court is affirmed.