FRENCH IMPORT CO. *et al.* *v.* UNITED STATES (No. 1736).[1]

1. CONSTRUCTION, PARAGRAPH 356, TARIFF ACT OF 1913—" SEPARATE OR IN STRIPS OR SHEETS."

In the last sentence of paragraph 356, tariff act of 1913, the words " separate or in strips or sheets " are not words of limitation inserted to narrow the scope of the sentence, but words of amplification to make certain that, whether imported in the form of strips or sheets or as separate entities cut therefrom, stampings, galleries, mesh, and other materials of metal capable of such forms should not escape the duty prescribed by the paragraph.

[1] Reported in T. D. 37048 (32 Treas. Dec., 249).

2. FOXTAIL, ROPE, TOMBAC, AND SNAKE CHAIN—MATERIAL FOR JEWELRY.

Foxtail, rope, tombac, and snake chain, wound on reels in 100-meter lengths, chiefly used in the manufacture of jewelry and not shown to be used for any other purpose, and worth less than 30 cents a yard, is dutiable as materials of metal suitable for use in the manufacture of jewelry (par. 356, tariff act of 1913), and not as metal articles not specially provided for (par. 167).

## United States Court of Customs Appeals, February 28, 1917.

APPEAL from Board of United States General Appraisers, Abstract 39769.

[Affirmed.]

*Frank E. Page* for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

*Albert H. Washburn, Amicus curiæ.*

[Oral argument Oct. 27, 1916, by Mr. Page and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Foxtail, rope, tombac, and snake chain, wound on reels in 100-meter lengths, and worth less than 30 cents a yard, was classified by the collector of customs at Providence, R. I., as materials of metal suitable for use in the manufacture of jewelry. The goods were accordingly assessed for duty at 50 per cent ad valorem under paragraph 356 of the tariff act of 1913, which paragraph, in so far as pertinent, reads as follows:

356. Jewelry, commonly or commercially so known, valued above 20 cents per dozen pieces, 60 per centum ad valorem; rope, curb, cable, and fancy patterns of chain not exceeding one-half inch in diameter, width, or thickness, valued above 30 cents per yard; and articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, * * * 60 per centum ad valorem. Stampings, galleries, mesh and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, 50 per centum ad valorem. ·

The importers protested that the merchandise was not classifiable as materials of metal suitable for the manufacture of jewelry and claimed that the wares were manufactures of metal, dutiable at 20 per cent ad valorem under that part of paragraph 167 of said act which reads as follows:

167. Articles or wares not specially provided for in this section; * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

The Board of General Appraisers overruled the protest and the importers appealed.

The goods in question are not stampings, galleries, or mesh, and, therefore, before they can be held dutiable as assessed, they must be found to be within the category of "other materials of metal" suitable for the manufacture of the articles specified in paragraph 356.

The importers contend that the provision under which the goods were classified does not cover *all* materials of metal suitable for the manufacturing purposes therein mentioned, but only such suitable materials as are *separate or in the form of strips or sheets*. They say that chain can not be said to have the form of strips or sheets, and that as the chain in controversy is not separate in the sense that it is an individual unit, the importation is not dutiable as assessed. The expression "individual unit," as importers use it, may mean either a part of that which was once a strip or sheet or any material so far advanced as to evidence that it is designed to become a part of some particular article. But, on the record as it stands, whether it means one thing or the other counts for nothing in support of appellants' case unless they have established their major proposition that the last clause of paragraph 356 is restricted to such suitable materials as are separate or in strips or sheets, and that, we think, they have failed to do.

It is true that the clause may be given an interpretation which would limit its operation to such suitable materials as are separate or in strips or sheets, but it is also true that the provision is susceptible of a construction which would make it broad enough to include such suitable materials whether separate or in strips or sheets or in any other form. Of the two meanings, that should be adopted which is in harmony with recognized tariff principles and therefore not likely to produce anomalous results. In our opinion the words "separate or in strips or sheets" are not words of limitation inserted to narrow the scope of the last clause of paragraph 356 but words of amplification to make certain that, whether imported in the form of strips or sheets or as separate entities cut therefrom, stampings, galleries, mesh, and other materials of metal capable of such forms should not escape the duty prescribed by that provision.

To accept the importers' construction would result in excluding from the operation of the paragraph all those materials of metal chiefly used in the manufacture of jewelry which are not in the form of strips or sheets or separate entities either cut from such strips or sheets or so far advanced that they are committed to the manufacture of some particular article of jewelry. That is to say, a *suitable* material of metal imported in the form of strips or sheets and used in the manufacture of jewelry would be assessed under the

jewelry paragraph at a high rate of duty, whereas a *suitable* material of the very same metal imported in the form of bars, ·rods,. or wire, and chiefly or exclusively used for the very same purpose· would be assessed under the metal paragraph at a much lower rate. To make such a discrimination was within the power of Congress,. but that it was not made we feel bound to hold, inasmuch as the· language used may be fairly given a meaning which will accomplish. a result not at odds with the purposes which ordinarily govern in. the making of tariff laws.

The goods under consideration were returned by the appraiser as· materials of metal for the manufacture of jewelry, and the correctness of that return is confirmed by those witnesses for the importers. who testified that chain of the kind under consideration is sold to· manufacturing jewelers and used in the manufacture of jewelry. Certainly we can find nothing in the record which would warrant. the conclusion that such chain is used for any purpose other than that indicated by the return of the collector. The testimony submitted to the board does show that the merchandise is sold to the jeweler in one hundred meter lengths, and that no such lengths are used in the making of any one article. That, however, establishes at. most that chain such as that imported is cut by the jeweler to shorter lengths in the process of converting it into articles and is. entirely consistent with the idea that the chain in question is chiefly used in the manufacture of jewelry.

Whatever other material may be suitable for a specific purpose, it. is certain that that must be so considered which is either chiefly used· therefor or is so far advanced by processes of manufacture that it is definitely committed thereto. As the record shows that the chain. here involved is chiefly used by manufacturers of jewelry for the· making of jewelry, such chain must be considered as a material suitable for that use, and it is therefore dutiable as assessed. See Cadwalader *v.* Wanamaker (149 U. S., 532) and Magone *v.* Wiederer· (159 U. S., 555).

The decision of the Board of General Appraisers is *affirmed.*