BEFORE THE FIRST DIVISION, SEPTEMBER 16, 1954

No. 58386.—Martin M. Stekert and Alltransport, Inc. v. United States, protest 204252–K (New York).

OLIVER, Chief Judge: This case relates to merchandise described on the invoices as "action back cuff links of brass (85% copper)," which the collector assessed with duty at the rate of 55 per centum ad valorem under paragraph 1527 (a) (2) of the Tariff Act of 1930, as modified by T. D. 51802, as parts of jewelry, valued above 20 cents per dozen pieces. Plaintiffs make two claims. First, it is alleged that the merchandise is dutiable at the rate of 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802, as articles or wares, not specially provided for, composed wholly or in chief value of metal other than gold, platinum, or silver, and not plated with

platinum, gold, or silver, or colored with gold lacquer. An alternative claim is made for assessment of duty at the rate of 40 per centum ad valorem under paragraph 1527 (d) of the Tariff Act of 1930, as modified by T. D. 52739, as materials of metal, other than gold or platinum, suitable for use in the manufacture of any of the articles provided for in paragraph 1527 (a), (b), or (c) of the Tariff Act of 1930, which subdivisions of the said paragraph include jewelry and parts thereof, and articles designed to be worn on apparel or carried on or about or attached to the person, "such as and including buckles, cardcases, chains, * * * collar, cuff, and dress buttons, * * * and like articles; all the foregoing and parts thereof, finished or unfinished: * * *."

The importer of the present merchandise was the only witness. He stated that for 30 years he has been in the business of importing and distributing all over the United States "component parts, metal and plastic parts," that are supplied to people that "want component parts to build their products." The witness characterized the present merchandise as a "closure," because "that is the way it functions, as a closure," a designation that is supported by the samples (plaintiffs' collective exhibit 1), which, it is agreed, "are wholly or in chief value of metal other than gold, platinum or silver, or plated with gold, gold lacquer, platinum or silver." The articles in question have been used in many ways. The witness stated that they are "used primarily on novelties, and anyone who has any idea at all who requires a closure can use this." As "trends pass," different uses develop. In the past, "about five to seven years ago," these articles were used as a closure on women's "flap" bags. Women are beginning to use them on the cuffs of blouses, "or whatever the garment is." The chief use for these articles is cuff links. In such usage, an ornament would be soldered on the front. The ornament is not limited to any particular type of material, but may be "ceramic, wood, metal."

In discussing the legal phase of this case, it should be emphasized that the provision in paragraph 1527 (d), as modified, *supra*, under which plaintiffs seek classification of the present merchandise, embraces materials of metal that are *suitable for use* in the manufacture of any of the several classes of merchandise included within paragraph 1527 of the Tariff Act of 1930. The statutory words, "suitable for use," do not imply or require chief use, but contemplate a susceptibility for the use expressed, *United States* v. *Lorsch & Co.*, 8 Ct. Cust. Appls. 109, T. D. 37222.

The record before us establishes, *prima facie*, at least, that the merchandise in question has been employed for and is susceptible of many uses. In such a status, these metal closures are excluded from classification as a "part" of any particular kind or class of merchandise. The principle was enunciated in the case of *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T. D. 37873, as follows:

An article not an actual constituent of a manufacture can not be considered as part hereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture. An article commercially suitable and commercially used for the making of different things is a material which is just as much adapted to the production of all of them as it is to the production of any one of them, and until it has been finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a particular completed whole, it can not be regarded as a part of any specified manufacture.

In the case of *Harding Co.* v. *United States*, 23 C. C. P. A. (Customs) 250, T. D. 48109, the Court of Customs and Patent Appeals stated that "before imported merchandise shall be regarded as parts of an article *the identity of the individual article must be fixed with certainty.*" [Italics quoted.]

Under the cited authorities, the collector's classification of the present merchandise as *parts* of jewelry cannot prevail. Plaintiffs' evidence—oral testimony, coupled with the samples (plaintiffs' collective exhibit 1, *supra*)—is sufficient to show that the metal closures under consideration are not dedicated to use as a part of any particular article.

The case of *Waterbury Lock & Specialty Co.* v. *United States*, 17 Cust. Ct. 87, C. D. 1025, cited in plaintiffs' brief, is in point. In that case, the merchandise consisted of small metal disks that had been cut to shape and size, and otherwise processed, so as to be dedicated for use as sparking wheels in all types and styles of cigar and cigarette lighters, and also on certain types of gas lighters. After finding that the metal disks had no special characteristics that dedicated them solely for use as parts of cigar and cigarette lighters provided for in paragraph 1527, and that they were used and were appropriate for use in other articles, the court overruled the collector's action, classifying the articles as parts of cigar lighters of the kind contemplated by paragraph 1527 (c), and held the merchandise to be properly classifiable as materials of metals, suitable for use in the manufacture of articles provided for in paragraph 1527 of the Tariff Act of 1930, as claimed by the importer.

The factual situation now before us is comparable with that which existed in the *Waterbury Lock & Specialty Co.* case, *supra*. Here, as there, the merchandise has been used and is appropriate for use in different kinds of articles. In this case, the witness' uncontradicted testimony shows that the closures under consideration are suitable for use on handbags, on women's wearing apparel, and for cuff links, which collection of articles definitely includes items designed to be worn on apparel or carried on or about or attached to the person, such as those contemplated by paragraph 1527 (c). The present merchandise, therefore, falls within the very broad and comprehensive provision in paragraph 1527 (d), as modified, *supra*, for "materials of metal * * * suitable for use in the manufacture of any articles provided for in paragraph 1527 (a), (b), or (c), Tariff Act of 1930," and, being admittedly composed of metal, other than gold or platinum, is dutiable at the rate of 40 per centum ad valorem, as claimed by plaintiffs.

Since the merchandise in question is provided for in paragraph 1527 (d), as modified, *supra*, as hereinabove set forth, the provision in amended paragraph 397, *supra*, which is included in plaintiffs' claims, has no application herein because said amended paragraph 397 can be invoked only when merchandise is "not especially provided for."

Defendant's brief discusses the legislative history, and cases associated therewith, leading up to the enactment of the provision for parts of jewelry embodied in paragraph 1527 (a). The language of the said paragraph is clear and unambiguous. Hence, any judicial interpretation thereof must come from the tariff act, itself, without resort to any extrinsic aid. *Schwegmann Brothers et al.* v. *Calvert Distillers Corp.*, 341 U. S. 384.

Plaintiffs' claim for classification of the present merchandise under paragraph 1527 (d), as modified, *supra*, with duty assessment at the rate of 40 per centum ad valorem, is sustained, and judgment will be rendered accordingly.