No. 60853.—Metal Findings Corp. and Alltransport, Inc. v. United States, protest 287786–K (New York).

OLIVER, Chief Judge: This case relates to merchandise, identified herein as "cuff link actions," and assessed with duty at the rate of 40 per centum ad valorem under paragraph 1527 (d) of the Tariff Act of 1930, as modified by T. D. 52739, as materials of metal, other than gold or platinum, suitable for use in the manufacture of any of the articles provided for in paragraph 1527 (a), (b), or (c) of the Tariff Act of 1930, which subdivisions of the said paragraph include jewelry and parts thereof, and articles designed to be worn on apparel or carried on or about or attached to the person, "such as and including buckles, cardcases, chains, * * * collar, cuff, and dress buttons, * * * and like articles; all the foregoing and parts thereof, finished or unfinished: * * *." Plaintiffs claim that the merchandise is properly dutiable at only 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802, as articles or wares, not specially provided for, composed wholly or in chief value of metal, other than gold, platinum, or silver, and not plated with platinum, gold, or silver, or colored with gold lacquer.

It is conceded that the merchandise in question is identical with that which was the subject of our decision in *Martin M. Stekert and Alltransport, Inc.* v. *United States*, 33 Cust. Ct. 357, Abstract 58386, the record in which case was incorporated herein on motion of counsel for defendant and without objection from plaintiffs' counsel.

In the *Martin M. Stekert et al.* case, *supra*, the merchandise was described as "action back cuff links of brass (85% copper)." There, the collector classified the merchandise as parts of jewelry under paragraph 1527 (a) (2) of the Tariff Act of 1930, as modified by T. D. 51802, and plaintiffs claimed classification either under paragraph 397, as modified, *supra*, or under paragraph 1527 (d), as modified, *supra*. The cited case sustained plaintiffs' claim under paragraph 1527 (d), as modified, *supra*, that is disputed herein by plaintiffs, who urge classification under the residuary provision of paragraph 397, as modified, *supra*. Plaintiffs' claim, in this case, is based on the premise that the articles in question are parts of jewelry but, since they are admittedly "valued under 20 cents per dozen pieces," they are, therefore, excluded from paragraph 1527 (a) (2), as modified by T. D. 51802, which is limited to parts of jewelry "valued above 20 cents per dozen pieces," and are properly classifiable under the residuary provision for metal articles, not specially provided for, in paragraph 397, as modified, *supra*.

The record in the *Martin M. Stekert et al.* case, *supra*, was summarized in our decision therein as follows:

The importer of the present merchandise was the only witness. He stated that for 30 years he has been in the business of importing and distributing all over the United States "component parts, metal and plastic parts," that are supplied to people that "want component parts to build their products." The witness characterized the present merchandise as a "closure," because "that is the way it functions, as a closure," a designation that is supported by the samples (plaintiffs' collective exhibit 1), which, it is agreed, "are wholly or in chief value of metal other than gold, platinum or silver, or plated with gold, gold lacquer, platinum or silver." The articles in question have been used in many ways. The witness stated that they are "used primarily on novelties, and anyone who

has any idea at all who requires a closure can use this." As "trends pass," different uses develop. In the past, "about five to seven years ago," these articles were used as a closure on women's "flap" bags. Women are beginning to use them on the cuffs of blouses, "or whatever the garment is." The chief use for these articles is cuff links. In such usage, an ornament would be soldered on the front. The ornament is not limited to any particular type of material, but may be "ceramic, wood, metal."

Supplementing the incorporated record, plaintiffs introduced the testimony of two witnesses; the first, an officer of the Metal Findings Corp., one of the plaintiffs herein, and the second, a domestic manufacturer of so-called "action backs," such as those under consideration. Their combined testimony is merely cumulative of that which was presented in the incorporated record, in showing that these metal closures have many uses and that their chief use is in cuff links. The witness, Avedon, who manufactures these "action backs" at the rate of "15,000 or 18,000 gross a year," explained the use of the merchandise as follows (R. 31):

We sell them to manufacturers of cuff links, and we also use them in finished jewelry, which we dispose of in a few channels. We first manufacture for other so-called manufacturers, *manufacturing the complete finished piece of jewelry which they market under their own name. We then manufacture for various concerns not in the jewelry business, who use them as premiums, and in different ways, and then we manufacture and merchandise a line of these things running from brass through gold-filled, and a lot in 14 karat under our own name.* [Italics supplied.]

The italicized portion of the above-quoted testimony serves to emphasize our finding in the incorporated case that "the merchandise has been used and is appropriate for use in different kinds of articles."

In reaching our conclusion in the incorporated case and holding the merchandise to be properly classifiable under paragraph 1527 (d), as modified, *supra*, we reasoned as follows:

In discussing the legal phase of this case, it should be emphasized that the provision in paragraph 1527 (d), as modified, *supra*, under which plaintiffs seek classification of the present merchandise, embraces materials of metal that are *suitable for use* in the manufacture of any of the several classes of merchandise included within paragraph 1527 of the Tariff Act of 1930. The statutory words, "suitable for use," do not imply or require chief use, but contemplate a susceptibility for the use expressed, *United States* v. *Lorsch & Co.*, 8 Ct. Cust. Appls. 109, T. D. 37222.

The record before us establishes, *prima facie*, at least, that the merchandise in question has been employed for and is susceptible of many uses. In such a status, these metal closures are excluded from classification as a "part" of any particular kind or class of merchandise. The principle was enunciated in the case of *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T. D. 37873, as follows:

An article not an actual constituent of a manufacture can not be considered as part hereof unless it has been .advanced to a point which definitely commits it to that specific class and kind of manufacture. An article commercially suitable and commercially used for the making of different things is a material which is just as much adapted to the production of all of them as it is to the production of any one of them, and until it has been finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a particular completed whole, it can not be regarded as a part of any specified manufacture.

In the case of *Harding Co.* v. *United States*, 23 C. C. P. A. (Customs) 250, T. D. 48109, the Court of Customs and Patent Appeals stated that "before imported merchandise shall be regarded as parts of an article *the identity of the individual article must be fixed with certainty.*" [Italics quoted.]

\*        \*        \*        \*        \*        \*        \*

\* \* \* In this case, the witness' uncontradicted testimony shows that the closures under consideration are suitable for use on handbags, on women's wearing apparel, and for cuff links, which collection of articles definitely includes items designed to be worn on apparel or carried on or about or attached to the person, such as those contemplated by paragraph 1527 (c). The present merchandise, therefore, falls within the very broad and comprehensive provision in paragraph 1527 (d), as modified, *supra*, for "materials of metal \* \* \* suitable for use in the manufacture of any articles provided for in paragraph 1527 (a), (b), or (c), Tariff Act of 1930," and, being admittedly composed of metal, other than gold or platinum, is dutiable at the rate of 40 per centum ad valorem, as claimed by plaintiffs.

There is nothing in the testimony adduced by plaintiffs in this case to cause a departure from anything that was stated in the *Martin M. Stekert et al.* case, *supra,* as immediately hereinabove set forth. Accordingly, we adhere to our conclusion in the cited case and, on the basis of the combined records before us, we hold the merchandise in question to be properly dutiable at the rate of 40 per centum ad valorem under paragraph 1527 (d), as modified, *supra*, as classified by the collector.

The protest is overruled and judgment will be rendered accordingly.