(C.D. 4414)

PETTIBONE WESTRAC *v.* UNITED STATES

(Decided March 22, 1973)

*Cantey, Hanger, Gooch, Cravens & Munn* (*Robert S. Travis* and *Harry E. Bartel* of counsel) for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Patrick D. Gill*, trial attorney), for the defendant.

FORD, Judge: The cases listed in schedule "A," annexed hereto and

made a part hereof, consolidated for the purpose of trial, involve replacement parts for the undercarriage of various models of crawler tractors. The merchandise was classified as parts of tractors as provided for under item 692.35, Tariff Schedules of the United States, or under item 664.05, Tariff Schedules of the United States, as parts of mechanical shovels, excavators, etc.

Plaintiff contends the merchandise involved is entitled to entry free of duty as parts of tractors suitable for agricultural use as provided for in item 692.30, Tariff Schedules of the United States.

The pertinent portions of the statutes involved provide as follows:

| | | |
|---|---|---|
| 664.05 | Mechanical shovels, coal-cutters, excavators, scrapers, bulldozers, and other excavating, levelling, boring, and extracting machinery, all of the foregoing, whether stationary or mobile, for earth, minerals, or ores; * * * all the foregoing and parts thereof_____ | 9% ad val. [1968] 8% ad val. [1969] |
| | Tractors (except tractors in item 692.40 and except automobile truck tractors), whether or not equipped with power take-offs, winches, or pulleys, and parts of such tractors: | |
| 692.30 | Tractors suitable for agricultural use, and parts thereof_____ | Free |
| 692.35 | Other _____ | 10% ad val. [1968] 9% ad val. [1969] |

At the outset of the trial, counsel for defendant conceded that Caterpillar tractors, models D4, D6, D6C and D7, are suitable for agricultural use. Accordingly, parts of such tractors are entitled to entry free of duty under item 692.30, *supra*, as claimed. Since the merchandise involved is claimed to be parts, the proof must comply with General Interpretative Rule 10 (ij) which reads as follows:

10. General Interpretative Rules. For the purposes of these schedules—

 *  *  *  *  *  *  *

(ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

The models not covered by the concession as being suitable for agricultural use are the D4C, D7E, D8, D8H and the D9. The record establishes that the various letters, i.e., C, E, and H, following the model number indicate modifications in the later models of those tractors. Therefore, the court concludes that the D4C and the D7E are

likewise suitable for agricultural use. This fact is substantiated by witnesses Rasmussen, Weber, Sparks, Clemens and Schoemer. Accordingly, we have left for consideration models D8, D8H and D9. The statutory language "suitable for agricultural use" was reviewed in *American Express Co.* v. *United States*, 69 Cust. Ct. 209, C.D. 4395, 350 F. Supp. 1402 (1972), wherein the following observations were made:

> Under the Tariff Schedules of the United States, the question of chief use is not involved in the claimed provision but rather that of suitability. While there have been many decisions concerning this term, the decision of Judge Richardson in *F. W. Myers & Company, Inc.* v. *United States*, 59 Cust. Ct. 445, C.D. 3182 (1967), reviewed a number of such cases which clearly and concisely set forth the applicable law as follows:
>
>> "Suitable" for one use does not exclude other uses. Nor does suitability require that the merchandise be chiefly used for the stated purpose.
>> *United States* v. *Lorsch & Co.*, 8 Ct. Cust. Appls. 109, T.D. 37222, and *Wah Shang Company* v. *United States*, 44 CCPA 155, C.A.D. 654.
>>
>> But suitability does require more than evidence of a casual, incidental, exceptional or possible use.
>> *Kahlen* v. *United States*, 2 Ct. Cust. Appls. 206 at page 208, T.D. 31947.
>>
>> There must be a substantial actual use.
>> *Wah Shang Company* v. *United States, supra.*
>>
>> But there is nothing in the *Shang* case to indicate that the word "substantial" should be stretched to reach back and revive "chief use." It is submitted that "substantial" is the antithesis of "casual, incidental, exceptional, or possible." "In the tariff law the term 'suitable' means actually, practically, and commercially fit." * * *
>> *Kahlen* v. *United States, supra.*
>
> In addition after reviewing the following information in the Explanatory Notes to the Tariff Classification Study, the decision further relies upon the intent of Congress in affording free entry of track-type tractors which have a capability of more than one use.
>
>> Items 692.30 and 692.35 cover tractors (except platform tractors and automobile truck tractors). Item 692.30 would put on a sounder basis the existing treatment of tractors as agricultural implements under paragraph 1604 of the free list of the Tariff Act of 1930. In recent years, practically all imports of tractors have been admitted free under paragraph 1604. Tractors are mobile power units used for many purposes, including agricultural, construction, road building, etc. Attempts to distinguish so-called agricultural-type tractors from types chiefly used for non-agricultural purposes neces-

sarily involve unrealistic distinctions. For years it was the practice to classify as agricultural implements only so-called wheel-type tractors. Within recent months a so-called half-tread tractor, said to be of special design for agricultural purposes, was held to be free as an agricultural implement. Item 692.30 would change the present "chief use" concept implicit in paragraph 1604 by providing for tractors "suitable for agricultural use." In view of the unrealistic distinctions which have been involved in the administration of the chief use concept, it is believed that the practical result has been more nearly a suitability test rather than one of chief use. Moreover, the suitability test is much less difficult to apply. Tractors not suitable for agricultural use are provided for in item 692.35 at the existing rate of duty of 11.5 percent ad valorem currently applicable under paragraph 372.

It is clear that the foregoing note reflects a congressional intent in the enactment of item 692.30 of the Tariff Schedules not to exclude from the duty-free treatment accorded agricultural tractors under item 692.30 of the Tariff Schedules those imported track-type tractors capable of several uses, so long as their suitability for agricultural use is established. Also, tariff provisions for agricultural implements should be liberally construed so that the evident intent of Congress to benefit agriculture should be effected. *United States* v. *American Express Co.*, 12 Ct. Cust. Appls. 483, 486, T.D. 40693. * * *

Following the principles enunciated in the above case, the court finds the evidence is not sufficient to establish a substantial use of the various models of the D8's and D9's in agriculture. Plaintiff's exhibit 9 indicates the number of tractors of the various models produced up to the time they were discontinued. A consideration of the tractor population as indicated in said exhibit 9, in conjunction with the testimony relating to the use of the D8's and D9's is manifestly insufficient to establish suitability for agricultural use. However, in view of the ever-expanding technological advances in the field of agriculture it may well be that in the future, based upon the record as made at that time, the larger models may be within the customs usage of the term "suitable."

In view of the foregoing, the court will next consider only those items which are used in the various models of the D4's to D7's in order to determine if they are parts within the purview of General Interpretative Rule 10(ij). At the outset we note that the claim for item 3K7677 covered by action 70/56177 was abandoned and is accordingly dismissed. Likewise, item 633487 covered by action 70/56172 covers a part for an HD 16DP Allis Chalmers tractor upon

which the record is silent and said claim is accordingly dismissed. It is also noted that the following items are nuts or bolts:

| Item | Court No. | Description |
|------|-----------|-------------|
| 3S8182 | 70/56173 | Bolt |
| 1M7916 | 70/56173 | Nut |
| 1M7916 | 70/56174 | Nut |
| 3S336 | 70/56172 | Bolt |

Under General Interpretative Rule 10(ij) where a specific provision is contained in the Tariff Schedules of the United States an article even though solely or chiefly used as a part may not be so classified. Schedule 6, part 3, subpart D contains provisions for bolts and nuts of base metal. Items 646.54 and 646.56, Tariff Schedules of the United States, provide for bolts and nuts of iron or steel. Items 646.72, 646.74, 646.75 and 646.76, Tariff Schedules of the United States, provide for said items of other base metals or those nuts and bolts having size specifications. As the record is barren with respect to these items, the claims relating to them are dismissed. In addition item 5M2080, a nozzle to an oiler, appears to be used on all models and this claim is accordingly dismissed.

Pursuant to rule 10(ij), *supra*, in order for an article to be a part it must be chiefly or solely used as a part. As to the merchandise set forth in schedule "B," annexed hereto and made a part hereof, the record testimony and plaintiff's exhibit 9, a computation of Caterpillar replacement parts, establish that said merchandise may be used in various models of the D4's through D7's, and the model Thirty tractor, which has been established as being the predecessor of the D4, as well as traxcavators and pipelayers.

The items listed in schedule "C" cover items heretofore abandoned or dismissed or which are used in various tractors up to D7's and/or in various models of D8's or D9's. The claims for these items are therefore dismissed.

With respect to the merchandise covered by schedule "B," the record substantiates its being chiefly used with tractors of the D4 to D7 class. While there is evidence of the same part being used for various model traxcavators or pipelayers, the population of the latter types of vehicles, represented by the models discontinued as set forth in plaintiff's exhibit 9, establishes a large disparity in favor of the tractors. If we were to extend the same rates of manufacture for the number of tractors presently being produced against the traxcavators or pipelayers presently being produced, tractors would far exceed the special purpose vehicles. Under the circumstances, the court finds that such parts are chiefly used on tractors. In addition, there is some evidence of certain of the traxcavators being used on feed lots for agricultural

purposes. The court is therefore of the opinion that the parts set forth in schedule "B" are chiefly used as parts of tractors within the D4 to D7 class (including the D4C and D7E) and are accordingly entitled to entry free of duty under item 692.30, *supra*, as claimed.

The court notes defendant contends there is no oral testimony with respect to certain items which were obviously referred to by the wrong numbers. For example item 4K7392 in action 70/56172 was referred to as 3K7392, item 5S50 was referred to as 5550, 5S54 was referred to as 5554; in action 70/56173, item 4S8970 was referred to as 458970 and item 9H7687 was referred to as 9H47687. The invoices, the protests originally filed with customs, the complaints and brief of the importer all set forth the correct numbers. The evidence of the witness in describing the name and function of the items makes it clear, when compared to the description set forth in defendant's exhibits A–1 through A–4, that the testimony related to the parts involved herein. With the numerous sets of numbers involved, it is obvious the references were due to misstatements and were not introduced for the purpose of eliciting testimony for non-existent parts.

In view of the foregoing, the claim of plaintiff with respect to items contained in schedule "B" is sustained. The claim as to items in schedule "C" is overruled and the actions insofar as these items are concerned are dismissed.

Judgment will be entered accordingly.