60 CCPA

The **UNITED STATES, Appellant,**

v.

**F. W. MYERS & CO., INC., Appellee.**
Customs Appeal No. 5481.

United States Court of Customs
and Patent Appeals.
May 3, 1973.

Harlington Wood, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Patrick D. Gill, New York City, for the U. S.

Barnes, Richardson & Colburn, New York City, attorneys of record, for appellee; James S. O'Kelly, New York City, of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

RICH, Judge.

This appeal is from the decision of the United States Customs Court, Third Division, in F. W. Myers & Co. v. United States, 67 Cust.Ct. 75, C.D. 4256 (1971), sustaining appellee's protests against the classification of certain crawler tractors imported from Canada under TSUS 692.-35 as "Tractors * * * Other," and holding the imported tractors classifiable free of duty under item 692.30 TSUS as "Tractors suitable for agricultural use * * *." We affirm.

The imported crawler tractors were of two types, the J–5 and the Muskeg M (the latter hereinafter referred to simply as the "Muskeg" tractors). The parties stipulated that the J–5 tractors are in fact "suitable for agricultural use" thus narrowing the issue to whether the Muskeg tractors are "suitable for agricul-

tural use." The J–5 tractors are similar to the Muskeg tractors and are important here, however, because the parties have, by stipulation, incorporated an earlier case, F. W. Myers & Co. v. United States, 59 Cust.Ct. 445, C.D. 3182 (1967), in which it was held that both the J–5 and Muskeg tractors were "suitable for agricultural use" and thus free of duty within item 692.30. The Customs Bureau has thus acepted the decision in the prior case with respect to the J–5's, but now disagrees with respect to the Muskegs.

The lower court here found the incorporated case to have established that the basic construction of the J–5 and Muskeg tractors was the same, reviewed the record and decision in that case and the testimony of the witnesses presented by appellant in this case, and concluded that:

> The difference between the J–5 and Muskeg tractor is in degree and not in kind. Plaintiff has met the suitability for agricultural usage test. It, therefore, follows that the protests must be sustained.

The Customs Court noted that the "Explanatory Notes" to the Tariff Classification Study dated November 15, 1960, at pp. 325–26 show that item 692.30 changed the prior treatment of tractors chiefly used for agricultural purposes by providing for tractors "suitable for agricultural use."

■ The parties agree with the Customs Court's analysis of the history of item 692.30 as indicating that the item changed the prior concept of "chief use" to one of "suitability for use," and both admit that "suitable for use" means "actually, practically, and commercially fit." Keer, Maurer Co. v. United States, 46 CCPA 110, C.A.D. 710 (1959). In Keer, Maurer, this court said (p. 114):

> The words "suitable for use," as applied in the Customs law means "actually, practically, and commercially fit" for such use. Kahlen v. United States, 2 Ct.Cust.Appls. 206, T.D. 31947; United States v. Lorsch & Co., 8 Ct. Cust.Appls. 109, T.D. 37222; United

States v. Amerman & Patterson, et al., 9 Ct.Cust.Appls. 244, T.D. 38205; United States v. Geo. S. Bush & Co., Inc., et al., 26 CCPA 145, C.A.D. 8; Coro, Inc. v. United States, 41 CCPA 215, C.A.D. 554. Such suitability does not require that the merchandise be chiefly used for the stated purpose, United States v. Lorsch & Co., *supra,* but it does require more than " * * evidence of a casual, incidental, exceptional, or possible use. * * * " Kahlen v. United States, *supra.*

We have reviewed the evidence of record including the testimony in the incorporated case and by the appellant's witnesses in this case and have concluded that the evidence fully supports the findings by the Customs Court below that the basic construction of the Muskeg and J–5 tractors is the same and the Muskeg tractors are actually, practically, and commercially fit for agricultural purposes, and such findings are not clearly contrary to the weight of the evidence. United States v. F. W. Myers & Co., 45 CCPA 48, C.A.D. 617 (1958).

The Customs Court quoted the following statement from its opinion in the incorporated case:

The unrefuted evidence that the involved tractors are used on farms for spreading manure and lime and other fertilizer, used in sugar bushes for gathering maple sap, used for plowing, used to pull hay balers, used for seed-

ing, used to pull harvesters in harvesting corn, and used in disk harrowing is sufficient to show that said tractors are actually, practically, and commercially fit for agricultural purposes.

Appellant, in contending that the records failed to establish a substantial use of the Muskeg tractors in agriculture, asserts that the statement in the incorporated case relied upon by the Customs Court does not represent findings of the court in the incorporated case with respect to the Muskeg tractors, but represents that court's findings with respect to the J–5 tractors, which appellant maintains are substantially different from the Muskegs.[1]

With respect to this question, whether the record in the incorporated case supports the findings of the Customs Court here that the Muskeg tractors, as opposed to the J–5's, are suitable for use on farms we have reviewed the record and are satisfied that the evidence supports appellee's view that at least some of the witnesses in the incorporated case were testifying to the use of *both* types of tractors or the Muskegs alone in agricultural pursuits, and that there is ample support in the record for the finding of the court below that the Muskegs are actually, practically, and commercially fit for agricultural purposes.[2]

The judgment of the Customs Court is affirmed.

Affirmed.

---

1. As appellant states it, "the additional power, tractive capability and flotation of the Muskeg, causing it to be a far more expensive vehicle, is what dedicates the Muskeg to the more rigorous non-agricultural use to which the records establish it is overwhelmingly put."

2. Appellant has noted that there are involved in the present case "differing models of the Muskeg tractor itself," some of which models may not have been involved in the prior case, but it has not argued that any such model differences represent differences in the suitability of the Muskegs for agricultural pursuits. The importations here involve some "Carrier" models of the Muskegs which are basically the same as the regular Muskeg tractors except that the engine is located closer to the front of the frame. The incorporated case may have involved only the regular Muskeg tractors.