(C. D. 1558)

ALFRED HORNUNG *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 19, 1953)

*Siegel, Mandell & Davidson* (*Joshua M. Davidson* of counsel) for the plaintiff.
*Warren E. Burger,* Assistant Attorney General (*Richard M. Kozinn* and *Richard H. Welsh,* special attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Presented for our determination in this case is the proper classification of an importation referred to in the entry as "pedometers * * * instruments to measure distance." The collector of customs classified the merchandise within the provisions of paragraph 368 (a) (1) and (2) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 368 (a) (1) and (2)) as distance-measuring devices, containing no jewels, valued at more than $1.10 but not more than $2.25 each, and assessed duty thereon at the combination rate of $1 each and 65 per centum ad valorem.

It is claimed by plaintiff in the protest or by amendment thereto that the articles should properly have been classified as machines, finished or unfinished, not specially provided for, within the provisions of paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, for which duty at the rate of 15 per centum ad valorem is provided, or should have been classified as mathematical instruments, not specially provided for, within the purview of paragraph 360 of said act (19 U. S. C. § 1001, par. 360), and assessed with duty at the rate of 40 per centum ad valorem.

The pertinent provisions of the tariff act read as follows:

Paragraph 368 (a) of the Tariff Act of 1930:

* * * any mechanism, device, or instrument intended or suitable for measuring * * * distance * * *:

(1) If valued at not more than $1.10 each, 55 cents each; valued at more than $1.10 but not more than $2.25 each, $1 each; * * *;

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem;

Paragraph 372 of said act, as modified, *supra*:

Machines, finished or unfinished, not specially provided for:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other * * * _____ 15% ad val.

Paragraph 360 of said act:

Scientific and laboratory instruments, apparatus, utensils, appliances (including surveying and mathematical instruments), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for, 40 per centum ad valorem; * * * *Provided*, That all articles specified in this paragraph, when imported, shall have the name of the maker or purchaser and beneath the same the name of the country of origin die sunk conspicuously and indelibly on the outside, or if a jointed instrument on the outside when closed.

When the case was called for trial, the following exhibits offered by the plaintiff were received in evidence:

Exhibit 1—a representative sample of the imported merchandise.

Exhibit 2—an article the same as exhibit 1 except that the back had been removed.

Illustrative exhibit 3—an American-made pedometer whose operation is the same as exhibit 1 except that by means of a device within the mechanism, which can be set to correspond to the width of an individual step, it records the actual miles.

Exhibit 4—a diagram of the American-made pedometer (illustrative exhibit 3), exclusive of the printed matter appearing thereon.

The case was submitted for decision upon an oral stipulation of counsel for the parties (including the exhibits above enumerated) and is here set forth:

\* \* \* that Plaintiff's Exhibit One is a mechanical device for recording or indicating the number of steps or step movements that a person may take in any given time, irrespective of the size or width of the step.

That Plaintiff's Exhibit One operates in the following manner:

There is suspended in its mechanism a weight; each time the weight is moved in an upward direction a fine wire attached to the weight is forced against a small notched wheel; the fine wire causes the notched wheel to turn, each time the wheel turns it causes an indicator on the face of the instrument to move once; the face of the instrument is divided in a circular manner with 100 lines and each time the indicator moves to a line it indicates a step taken; in addition to the 100 lines which are in a circular position on the face of the instrument or mechanism there are also three other smaller circles containing separate indicators; these separate indicators are controlled by wheels, gears and levers in the mechanism which are regulated by the larger wheel which in turn derives its motion from the weight and small wire; these three smaller dials indicate the number of steps taken in the hundreds, thousands and ten-thousands. The mechanism and all the dials are automatically reset to zero by depressing the crown.

\*        \*        \*        \*        \*        \*        \*

\* \* \* that Plaintiff's Exhibit One is used by carrying in an upright position in one's pocket and the weight in the mechanism described above moves each time a step is taken thus recording the number of steps.

That the indicator or mechanism will operate when steps are taken going up or down stairs, or on an incline, or on a level or uneven surface. In fact, the instrument will operate when any kind of a step is taken, irrespective of the size of the step.

A written stipulation of counsel for the parties was subsequently received in evidence to the effect that "the involved merchandise is wholly or in chief value of metal, and not plated with gold, silver, or platinum."

The classification of the imported articles as distance-measuring devices within the purview of paragraph 368 (a) (1) and (2), *supra*, is controverted by the plaintiff herein.

The definitions of "pedometer," as contained in standard lexicographic authorities, are as follows:

Webster's New International Dictionary of the English Language, Second Edition (1948)—

pedometer, *n.* 1. An instrument for indicating the number of steps taken in walking, and so learning the distance covered. It is usually in the shape of a watch. In one form an oscillating weight affected by the motion of the body causes the index to advance a certain distance at each step. \* \* \*

Funk & Wagnalls New Standard Dictionary of the English Language (1942)—

pedometer, *n.* 1. An instrument that measures distance traveled, by recording the number of steps taken by the traveler on whose person it is carried. \* \* \*

The New Century Dictionary of the English Language (1946)—

pedometer, *n.* An instrument for recording the number of steps taken in walking, and thus showing approximately the distance traveled.

Audel's Mechanical Dictionary (1942)—

**Pedometer.**—An instrument resembling a watch, used for recording the number of steps taken, and thus enabling one to approximate the distance traveled.

From the foregoing definitions, it may be deduced that there are pedometers which perform a twofold function of recording the number of steps taken in walking and also measuring the approximate distance covered. It is also to be concluded that there are other pedometers which merely record the number of steps taken. The fact that an article may be shown to be a pedometer does not necessarily carry with it the conclusion that it is a distance-measuring device.

When consideration is given to the oral stipulation of counsel for the parties, quoted above, it is obvious that the imported articles perform but one of these functions, namely, to record the number of steps. It differs from the American-made pedometer in evidence as illustrative exhibit 3 in that it contains no device within the mechanism which, when set to correspond to the length of the user's step, will indicate on a dial so calibrated the mileage traveled. It is, therefore, apparent that the articles in controversy are not distance-measuring devices but are, in fact, step counters, which are not provided for in paragraph 368 (a), *supra*.

Consideration has been given to the point raised in the brief of defendant that, even granted that the imported articles are merely step counters, it is a mere mathematical operation after gauging the length of a user's step to calculate the mileage covered. We think this argument is untenable for the reason that the controverted article in the condition as imported is not equipped, as is illustrative exhibit 3, with a device which enables the recording of distance, and it is in the condition as imported that merchandise must be classified. *American Sugar Refining Co.* v. *United States*, 181 U. S. 610.

We do not consider that the description of the imported articles on entry as "pedometers * * * instruments to measure distance" in and of itself defeats the plaintiff's claims. As was stated in *United States* v. *Wo Kee & Co.*, 21 C. C. P. A. (Customs) 341, T. D. 46880—

Invoice descriptions of imported merchandise in cases like the one at bar are admissions against interest and are presumptively correct. When such admissions are contradicted by a protest, however, the importer is not precluded from disproving the correctness of such description.

Whatever evidentiary value the description of the merchandise on the entry served to support the collector's classification has been overcome by the stipulation between the parties hereto that the articles are, in fact, step counters.

Defendant in its brief in support of the collector's classification points to the language of paragraph 368 (a), *supra*, reading "any mechanism, device, or instrument *intended or suitable for* measur-

ing * * * distance." [Italics supplied.] The presumption which attached to the collector's classification as to the use of the imported articles to measure distance has been overcome by the stipulation of counsel for the respective parties that the function of exhibit 1 is merely to count steps, and the record is devoid of any evidence that the articles were "intended or suitable" for measuring distance.

The only other reference to use of the step counters is contained in the brief of plaintiff to the effect that "a serious use for the imported article would be found in the rehabilitation of hospitalized patients with limb injuries who are required to walk a certain number of steps each day."

As to whether the devices in issue are "suitable for" measuring distance, we refer to the case of *United States* v. *Lorsch & Co.*, 8 Ct. Cust. Appls. 109, T. D. 37222, wherein the meaning of the term "suitable for use" in paragraph 356 of the Tariff Act of 1913 was being construed and our appellate court stated:

> The term immediately before us was before this court and interpreted in Kahlen *v.* United States (2 Ct. Cust. Appls., 206; T. D. 31947), wherein we said: "In the tariff law the term *'suitable' means actually, practically, and commercially fit.*" See also Mamluck & Co. et al. *v.* United States (6 Ct. Cust. Appls., 556, 561; T. D. 36198). The rule to the same effect was announced by the Supreme Court. In the case of Chew Hing Lung *v.* Wise (176 U. S., 156), the United States Supreme Court, in considering the question whether or not tapioca was "fit for use as starch" within that language as used in paragraph 323 of the act of 1890, said:

> > We think the language of the paragraph means any preparation which is so far fit for use as starch as to be *commonly used* or *known* as such *or as a substitute therefor*, * * * and * * * the article here in controversy does not and can not compete with American starch for any of the purposes for which starch is *commonly and ordinarily* used in this country. [Italics quoted.]

In the record before us, there is no evidence that the step counters are "actually, practically, and commercially fit" for use in measuring distance, or that they are "commonly used or known as such or as a substitute therefor." It follows, therefore, that the articles in controversy are not encompassed by the terms of paragraph 368 (a), *supra*, by virtue of the language "intended or suitable for measuring * * * distance."

Also contained in the brief of defendant is the proposition that—

> It is also to be noted that paragraph 368, *supra*, makes provision for instruments of the above nature [distance measuring devices], plus those of *similar uses*. Because of this additional provision, it is even more apparent that an instrument which can measure distance, directly or indirectly, is one with a similar use to those described in the involved paragraph. [Italics quoted.]

When a case involving hand counters or tallying registers was before the appellate court in *United States* v. *Endlein & Schmidt, United Hardware & Tool Corp.*, 22 C. C. P. A. (Customs) 108, T. D. 47082, the court made the following finding as to the term "similar uses," as applied to the articles there in issue:

In the course of its opinion the trial court points out that the devices do not measure time, distance, speed, or fares, nor do they perform any of the other functions described in the paragraphs under which the classifications were made by the collector.

In our opinion, there is no error in this finding, and we think it may quite properly be added that their uses are not "similar" to the uses of the devices covered by the respective paragraphs [paragraph 368 of the Tariff Acts of 1922 and 1930]. These are not measuring instruments for anything; they perform no measuring function in the sense in which the devices obviously covered by the paragraphs applied by the collector perform such function. They are mere counting mechanisms.

With like effect may it be said of the step counters here before us that "their uses are not 'similar' to the uses of the devices covered" by paragraph 368 (a) and that they "are not measuring instruments for anything" but "are mere counting mechanisms."

In the present case, therefore, the imported articles do not come within the provision of the controverted paragraph directly nor are they included therein by indirection by virtue of the term "or similar uses."

In the circumstances, we are of the opinion that plaintiff has overcome the presumption of correctness attaching to the collector's classification of the imported articles as distance-measuring devices within the purview of paragraph 368 (a), *supra*.

While it is plaintiff's primary claim that the controverted articles should find classification as machines, not specially provided for, within the purview of said paragraph 372, the following contention is made by defendant in its brief with respect to the alternative claim of plaintiff for classification of the articles as mathematical instruments in paragraph 360, *supra*:

If the court finds that the Collector's classification under paragraph 368, *supra*, is erroneous, it should find the instruments to be more specifically provided for as mathematical instruments under paragraph 360, *supra*, rather than as machines, not specially provided for, under paragraph 372, *supra*, as claimed.

In support thereof, the following cases were cited, *Wagner Bros.* v. *United States*, 58 Treas. Dec. 932, Abstract 12875 (on pedometers and rotameters); *Selsi Co., Inc.* v. *United States*, 61 Treas. Dec. 1444, Abstract 18976 (on pedometers); and *Eugene Dietzgen Co., Inc.* v. *United States*, 63 Treas. Dec. 1387, Abstract 23489 (on map measures).

A consideration of the cited cases affords no assistance in the determination of the present issue in view of the dissimilarity of the merchandise, and it would serve no worthwhile purpose to discuss those cases here.

In order to ascertain whether the step counters before us are mathematical instruments within the purview of paragraph 360, *supra*, we resort, as we may. (*United States* v. *John B. Stetson Co.*, 21 C. C. P. A. (Customs) 3, T. D. 46319) to lexicographic authorities

as an aid to the memory and understanding of the court in determining the common meaning of that term.

Century Dictionary—

**Mathematical instruments,** instruments for mathematical drawing and drafting, such as dividers, protractors, and the like.

Encyclopaedia Britannica (14th edition)—

MATHEMATICAL INSTRUMENTS. The term "mathematical instruments" in its widest significance includes various instruments used in drawing, surveying, astronomy, etc. * * * designed to perform operations involving computation and measurement.

Encyclopaedia Britannica (1947 edition)—

MATHEMATICAL INSTRUMENTS. The increasing use of mathematics, both as a language for expressing the problems of science and industry, and as a tool for dealing with those problems, has spurred the development of rapid and economical means for obtaining answers to the mathematical problems posed. In a broad sense, any device capable of supplying such answers is a mathematical instrument; however, the extensive class of instruments which deal with numerical problems by a counting or digital procedure is treated under CALCULATING MACHINES. A mathematical instrument may be defined as a device in which measurable physical quantities such as distances between marks on a rule, electric currents in wires, etc., are used to represent mathematical quantities, and the physical laws governing the device correspond to a set of mathematical relations for which a solution is sought.

Based upon the foregoing definitions, and calling upon our own knowledge of the common usage of the term, we are of the opinion that the step counters in controversy not being "instruments used in drawing, surveying, astronomy, etc. * * * designed to perform operations involving computation and measurement" are not mathematical instruments, as that term is used in paragraph 360, *supra.*

From the uncontroverted facts which have been stipulated by counsel for the parties hereto, it is clear that the interworkings of the weight, wire, small notched wheel, indicators, gears, and levers motivated by the body motion of the bearer which cause the recording of the count of each 100 steps to be indicated on the main dial, and of hundreds, thousands, and ten thousands of steps on the three smaller dials imposed upon the main dial, constitute the devices "machines" within the definition of that term in *United States* v. *L. Oppleman, Inc.*, 25 C. C. P. A. (Customs) 168, T. D. 49271.

Defendant in its brief asserts that the step counters before us are not machines, as were the hand counters in the *Endlein & Schmidt, United Hardware & Tool Corp.* case, *supra*, relied upon by plaintiff, for the reason that the articles here in issue "*automatically* collect information by counting the steps taken by a person," whereas in the

case last cited it was shown that the hand counters were operated manually and were controlled by the operator.

We consider this contention of defendant to be untenable. The determination of whether an article comes within the purview of paragraph 372, as modified, *supra*, for machines, not specially provided for, is not predicated upon the fact that the motivating power of the mechanism is automatic or manual but rather whether the article is a mechanical contrivance, having operating movable parts. Such was the principle upon which the *Oppleman* case, *supra*, was decided, wherein our appellate court stated:

We are of opinion that the question of whether the involved articles [aneroid barometers] are machines within the purview of paragraph 372, *supra*, does not depend upon the source of the force or energy which motivates them, but rather upon the character and operation of the articles themselves.

Upon the stipulated facts of record, and from an examination of the exhibits, we find and hold that the step counters in issue are of the character and operate in the manner of machines provided for in paragraph 372, as modified, *supra*, as that term has been judicially construed, and that the controverted mechanisms should properly have been classified within the provisions of said paragraph 372, as modified, and assessed with duty at the rate of 15 per centum ad valorem. That claim of plaintiff is, therefore, sustained. All other claims are overruled.

Judgment will issue accordingly.