(C.D. 2422)

THORESEN, INC.
ROHNER GEHRIG & CO., INC. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 26, 1963)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* and *Earl R. Lidstrom* of counsel) for the plaintiffs.

*John W. Douglas,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* and *Richard J. Kaplan,* trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The importation in controversy from Germany is described in the entry papers as "CALCULATING MACHINES (Rechenmaschinen)."

The collector of customs classified the commodity as within the provision for mathematical instruments in paragraph 360 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 360), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty was imposed thereon at the rate of 27 per centum ad valorem.

Plaintiffs claim that said devices should be properly classified as articles or wares not specially provided for, composed wholly or in

chief value of metal, in paragraph 397 of said act (19 U.S.C. § 1001, par. 397), as modified by the sixth protocol, *supra*, and subjected to duty at the rate of 20 per centum ad valorem.

The pertinent provisions of the statutes involved herein read as follows.

Paragraph 360 of the Tariff Act of 1930, as modified by the sixth protocol, *supra:*

Scientific and laboratory instruments, apparatus, utensils, appliances (including mathematical instruments but not including surveying instruments), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for:

    Slide rules * * *
    Other * * *_____ 27% ad val.

Paragraph 397 of said act, as modified, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

  *     *     *     *     *     *     *

    Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

  *     *     *     *     *     *     *

    Not wholly or in chief value of tin or tin plate:
      Carriages, drays * * *

  *     *     *     *     *     *     *

      Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum * * *_____ 20% ad val.

The merchandise is represented by plaintiffs' exhibit 1, which is a flat metal article, rectangular in shape, measuring approximately 5½ inches by 3¼ inches in size. On the face of the exhibit, at the top, are the words—

CALCULATING
MACHINE

and at the bottom are the words—

ADD
SUBTRACT
MULTIPLY

Also on the face of the exhibit is a series of slots in which figures from 0 to 9 are indicated. Notched slides are arranged so that by means of a stylus, attached to the device, the figures may be operated in such manner as to accomplish addition, subtraction, and multiplication. A slide attachment at the top of the device serves to clear the table of figures after a calculation has been made.

William Kenny, the only witness in the case, testified on behalf of the plaintiffs substantially as follows: He had been associated with

the plaintiff company, since 1948, in the capacity of controller. He is familiar with the subject merchandise, which he described as "an adding machine," and stated that it was "advertised in newspapers and magazines, through direct mail pieces, and sold directly to housewives or students or small offices for anybody who may have use for it." With the use of exhibit 1, the witness demonstrated how it was manipulated in the process of addition and subtraction. He further explained that, since multiplication is a form of addition, it can be used for that purpose.

According to the witness, the article may be used by a housewife while shopping or by a student in school to do simple work.

Kenny testified to his familiarity with mathematical instruments during the time he was with the engineers while in the Army using slide rules and all types of protractors, engineering scales, and various other devices. In his opinion, exhibit 1 is not a mathematical instrument, stating as his reasons—

* * * first of all, an instrument is supposed to be more or less a tool. At least that is my opinion, to easily or very simply convert or measure equasions [sic]. * * *

When asked by Judge Ford "If Exhibit 1 is not a mathematical instrument of some type, what is it?" the witness replied "It is simply an adding machine."

Plaintiffs invite our attention to the case of *Alfred Hornung* v. *United States*, 31 Cust. Ct. 126, C.D. 1558, wherein this court held that certain pedometers or step counters were not properly classified within the provision in paragraph 368(a) of the Tariff Act of 1930 for "* * * any mechanism, device, or instrument intended or suitable for measuring * * * distance * * *." Neither were they mathematical instruments within the purview of paragraph 360 of said act, as alternatively claimed by plaintiff, but came within the provision for machines provided for in paragraph 372 of said act.

The court cited the following definitions of mathematical instruments:

Century Dictionary—

Mathematical instruments, instruments for mathematical drawing and drafting, such as dividers, protractors, and the like.

Encyclopaedia Britannica (14th edition)—

MATHEMATICAL INSTRUMENTS. The term "mathematical instruments" in its widest significance includes various instruments used in drawing, surveying, astronomy, etc. * * * designed to perform operations involving computation and measurement.

Encyclopaedia Britannica (1947 edition)—

Mathematical Instruments. The increasing use of mathematics, both as a language for expressing the problems of science and industry, and as a tool for dealing with those problems, has spurred the development of rapid and economical

means for obtaining answers to the mathematical problems posed. In a broad sense, any device capable of supplying such answers is a mathematical instrument; however, the extensive class of instruments which deal with numerical problems by a counting or digital procedure is treated under CALCULATING MACHINES. A mathematical instrument may be defined as a device in which measurable physical quantities such as distances between marks on a rule, electric currents in wires, etc., are used to represent mathematical quantities, and the physical laws governing the device correspond to a set of mathematical relations for which a solution is sought.

The court then stated—

Based upon the foregoing definitions, and calling upon our own knowledge of the common usage of the term, we are of the opinion that the step counters in controversy not being "instruments used in drawing, surveying, astronomy, etc. * * * designed to perform operations involving computation and measurement" are not mathematical instruments, as that term is used in paragraph 360, *supra.*

That case is clearly distinguishable for reasons which will appear, *infra.*

Plaintiffs also cite the following cases to indicate the type of merchandise which the courts have held to be properly classifiable as mathematical instruments:

*Engis Equipment Co., Inc.* v. *United States*, 16 Cust. Ct. 86, C.D. 990 (1946), clinometers used in engineering to determine the inclination of any inclined plane or angle.

*United States* v. *F. Weber Co., Inc.*, 25 CCPA 433, T.D. 49506 (1938), pantographs used by mapmakers and capable of minute mathematical precision in reproducing linear dimensions on a plane surface in any predetermined ratio.

*Keuffel & Esser Co.* v. *United States*, 56 Treas. Dec. 902, Abstract 10193 (1929), planimeters which were used to calculate the area of a circular surface.

While it is true that the articles above mentioned are judicially regarded as mathematical instruments, there are other articles similar to the subject merchandise that have been judicially recognized as mathematical instruments.

In addition to the definitions of mathematical instruments, above quoted, defendant, in its brief, cites the following:

*The Oxford Dictionary*, Vol. II, Part 1, p. 27 (1893), "calculate—1. To estimate or determine by arithmetical or mathematical reckoning; to compute, reckon."

*Id*, Vol. VI, Part II, p. 234 (1908) "Mathematics—" . . . In modern use applied, . . . to the abstract science which investigates deductively the conclusions implicit in the elementary conceptions of special and numerical relations, and which includes as its main divisions geometry, arithmetic and algebra; . . .

*Id*, Vol. 1, Part I, p. 447 (1888), "Arithmetic 1."—The science of numbers;

Counsel for defendant then invites our attention to the case of *A. S. Aloe & Co.* v. *United States*, 53 Treas. Dec. 973, Abstract 5743 (1928).

In that case, it appears from the printed opinion of this court that the merchandise was a—

* * * device consisting of a metal tube approximately 6 inches in length and 1 inch in diameter, to the upper half of which is secured a numerical table. Encircling this numerical table is a tubular shaped piece of metal on each end of which is stamped an indicator. By raising or lowering the outer cylinder to the desired figures on the table one may calculate mathematically with the aid of this apparently simple and compact device. * * *

The court sustained the classification of the merchandise by the collector of customs as mathematical instruments within the meaning of paragraph 360 of the Tariff Act of 1922, rejecting the claim of plaintiff that the instruments should be classified as machines within the scope of paragraph 372 of said act, citing *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T.D. 37537.

It is significant that the *Aloe* case, *supra*, was drawn to the attention of Congress when it reenacted paragraph 360 of the Tariff Act of 1922 without change, so far as pertinent here, as paragraph 360 of the Tariff Act of 1930.

In the Summary of Tariff Information, 1929, prepared by the United States Tariff Commission for the use of the Committee on Ways and Means of the House of Representatives in drafting the Tariff Act of 1930, there appears, at pages 774 and 775, reference to decisions relating to articles which had been "held dutiable under paragraph 360" of the Tariff Act of 1922, and among said articles are mentioned—

* * * *calculators* by which mathematics can be calculated (Ab. (N) 5743) * * * [Italics quoted.]

This is the *Aloe* case above referred to.

Since Congress reenacted the provision for mathematical instruments without change, the natural inference is that it was satisfied with the classification of certain calculators as mathematical instruments.

Another case cited by defendant is *Joseph M. Ziabicki* v. *United States*, 35 Cust. Ct. 209, Abstract 59212 (1955), wherein certain devices described as "addiators" were classified by the collector as mathematical instruments in said paragraph 360. The opinion states that the instruments were manually operated, being used for purposes of addition and subtraction. The court also made reference to the testimony of Ziabicki, the importer, "* * * that, as an engineer, he was familiar with the science of mathematics and that addition and subtraction were mathematical operations."

A physical examination of the exhibit in that case satisfied the court that it was not a "machine" within the meaning of paragraph 372 upon the authority of *Simon, Buhler & Baumann (Inc.)* v. *United*

*States*, 8 Ct. Cust. Appls. 273, T.D. 37537. The claim of importer that the device should be classified as a machine or as a calculating machine in paragraph 372 was rejected and the classification by the collector as a mathematical instrument was sustained.

There would seem to be little or no factual distinction between the subject merchandise and the articles described in the *Aloe* and *Ziabicki* cases. We, therefore, hold that the merchandise in controversy was properly classified by the collector of customs as mathematical instruments within the scope of paragraph 360, *supra*, and overrule the protest in all respects.

Judgment will issue accordingly.