(C.D. 2945)

JAMES G. WILEY
OPEAN-BRODER ET AL. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 5, 1967)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.

*Barefoot Sanders*, Assistant Attorney General (*Arthur H. Steinberg* and *S. William Barr*, trial attorneys), for the defendant.

Before RAO, FORD, and LANDIS, Judges

LANDIS, Judge: The 11 protests enumerated in the schedule of protests, attached hereto and made a part hereof, have been consolidated for purposes of trial. They relate to certain merchandise imported from West Germany described on the various invoices as mathematical instruments, small size adding machines, and pocket calculating machines, in chief value of metal, not plated with gold, silver, or platinum.

The collector classified the merchandise under paragraph 360 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade (T.D. 54108), as mathematical instruments, and assessed duty at the rate of 25½ per centum ad valorem.

The Government, the defendant herein, maintains that the merchandise was properly classified under paragraph 360 as aforementioned.

The pertinent statutory provisions are as follows:

Paragraph 360 of the Tariff Act of 1930, as modified by T.D. 54108:

Scientific and laboratory instruments, apparatus, utensils, appliances (including mathematical instruments * * *), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for:

   \*       \*       \*       \*       \*       \*       \*

Other * * *_____ 25½% ad val.

Paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108:

Machines, finished or unfinished, not specially provided
  for:
      Adding machines_____ 12½% ad val.

At the opening of trial, plaintiffs moved to amend the protests to add a claim that the merchandise was properly classifiable under paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108, as adding or calculating machines, other than those specially constructed for multiplying and dividing, dutiable at the rate of 12½ per centum ad valorem.

In view of our ruling on the motion to amend, hereinafter discussed, plaintiffs are deemed to have abandoned all other claims in their protests.

The Government, defendant herein, moved to dismiss the protests for insufficiency.

The court took the motions under advisement for later decision by the full division and allowed testimony to be taken subject to the motion to amend.

Subsequently, the Government withdrew its motion to dismiss the protests for insufficiency in order to proceed with the trial on the assumption that the court would grant plaintiffs' motions to amend. The Government thereafter also withdrew any objection to the motions to amend. Both counsel then stipulated orally that the collector classified the merchandise in controversy herein as mathematical instruments under paragraph 360, as aforesaid. This narrowed the issue simply to whether the merchandise, represented by plaintiffs' illustrative exhibit 1 herein, is properly classifiable under paragraph 360, *supra*, as mathematical instruments, or as claimed under paragraph 372, *supra*, as adding machines, and whether the plaintiffs have sustained the burden of proof establishing their claimed classification.

The record is comprised of the testimony of plaintiffs' one witness, Syd L. Broder, and a sample of the merchandise in controversy, plaintiffs' illustrative exhibit 1. Plaintiffs' illustrative exhibit 2 is a duplicate of exhibit 1, opened to expose the interior parts and to show their arrangement of operation. Plaintiffs' illustrative exhibit 3 is a printed form of instructions explaining how to use exhibit 1.

Examination of plaintiffs' illustrative exhibit 1, the article itself, shows it as a vest pocket-size flat metal device, rectangular in shape, approximately 5 by 2½ by ¼ inches. On its face are the words:

Pocket Adding and Subtracting Machine

Perfect 6

[There are a series of six slots, each showing figures vertically from zero to nine over what plaintiffs allege are "gears," operable by a stylus

which accompanies each article, and by means of which addition may be accomplished.]

ADDITION

The reverse side of the same article has the same arrangement, except that "SUBTRACTION" is designated. A handlelike small bar at the top slides down and up to clear off any calculations.

Syd L. Broder, the sole witness in the case, testified for the plaintiffs substantially as follows:

He was a partner in Opean-Broder, one of the plaintiffs herein, for about 5 years, until the partners sold out several months before trial, and they had imported pocket adding machines.

Prior thereto, from 1923 until about 1957, Mr. Broder stated that he had been in the jewelry business and had worked on electric clocks, spring clocks, watches, and mechanical repairs. Before that, he was with American Bosch Magneto Corp., manufacturers of generators, starting motors, and various mechanical machines. His duties included work as an engineer, having had this training by the company.

He stated that his position as a partner with Opean-Broder was importing and selling machines and seeing that they worked properly. He serviced them when necessary and appointed distributors for their sales. He had been bringing in such machines for about 5 years.

Mr. Broder testified that he had personal knowledge of the functions of the merchandise and that all the articles at bar had the same working mechanism. He described this substantially as follows: To operate exhibit 1, for addition, the point of a stylus is placed in a white slot opposite the number to be added and then pulled downward. To subtract, the stylus is placed in a red slot and turned around the curve which acts as a gear, modifying the force and motion to the next columns. A pull bar clears the machine for new computations. The moving parts of exhibit 1, the witness stated, were the stylus, slides, and pull bar.

On cross-examination, the witness admitted that the slides and pull bar moved only up and down and conceded that the force of one's hand causes the stylus to move around the curve creating the action which moves the next bar.

On inquiry by the court, the witness admitted that the numbers move only to the extent that one pushes them with the stylus and that the numbers are not set back automatically but by use of the pull bar.

It is noted at this stage of the case that a ruling on plaintiffs' motion to amend the protests is in order. Government counsel at the trial withdrew its objection to the proposed amendment. Since the amendment pertains to the same merchandise covered by the protests here in controversy and is merely a new additional claim which might have been made in the original protests, the instant motion to amend is well

taken and is hereby granted. See *United States* v. *Macksoud Importing Co. et al.*, 25 CCPA 44, T.D. 49041.

By virtue of this amendment and abandonment of all other claims, the plaintiffs undertake to prove, and also have the statutory burden of doing so, that the "adding machine" is in fact a "machine," classifiable under paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade (T.D. 54108), and that the collector was wrong in classifying it as a mathematical instrument under paragraph 360 of said act, as modified by T.D. 54108.

Both counsel cite cases in point on the subject, but the ultimate task here for the court is to determine whether the "adding machine" (exhibit 1), is a "machine" in the tariff sense. No one of the cases alone of those cited by either counsel, or which we have examined in our own research, supplies a judicial determination of what a machine is. In *United States* v. *IDL Mfg. & Sales Corp.*, 48 CCPA 17, 23, C.A.D. 756, after a thorough analysis of pertinent cases and definitions of a "machine," the appellate court observed:

The state of the case law leads us to but one conclusion. While many items have been held to be, or not to be, "machines," there is a question of common meaning and each case must be decided on the basis of its own facts, technical and legislative.

Counsel for plaintiffs quotes the following statement by the court in *Nord Light, Inc.* v. *United States*, 49 CCPA 12, 15, C.A.D. 786, which is referred to by the court in *The Durst Mfg. Co., Inc.* v. *United States*, 50 CCPA 56, 61, C.A.D. 820:

A common meaning of the word "machine," found in the dictionaries which we referred to in the *IDL* case, *supra*, is a device which may be either simple or complex whose function is to increase the intensity of an applied force, or to change its direction, or to change one form of motion or energy into another form. [Cf. The Columbia Encyclopedia, 2d Ed.]

The testimony of plaintiffs' witness offers scant probative value on the issue herein. The fact that he knew exhibit 1 as an "adding machine," and that he sold and serviced it as a "machine" is merely conclusion on his part.

Our review of the cited cases, as well as of further cases pertinent to "machines," indicates that the question of fact as to whether a certain device is or is not a machine can be a close one. Therefore, a determination of fact on this question pertaining to a particular device before the court may have no application to other similar devices.

In *T. D. Downing & Co.* (decided August 22, 1927), 52 Treas. Dec. 560, Abstract 3762, certain stapling machines were held to be machines within the corresponding paragraph of the Tariff Act of 1922.

Congress knew of that decision through the 1929 Summary of Tariff Information when it passed the Tariff Act of 1930 and retained the provision substantially unchanged.

Under the doctrine of legislative ratification of judicial interpretation, the intent of the legislature may be interpreted by the courts as approval of an earlier tariff provision by its subsequent reenactment. *United States* v. *Bassichis Co. et al.* (decided November 30, 1928), 16 Ct. Cust. Appls. 410, T.D. 43133.

In *United States* v. *IDL Mfg. & Sales Corp.*, *supra*, one of the reasons the appellate court held certain paper punching machines classifiable as "machines" under paragraph 372 was that they were very much like stapling machines.

The appellate court in the *IDL* case reviewed the oft-cited *Simon, Buhler & Baumann* (*Inc.*) v. *United States* (decided February 8, 1918), 8 Ct. Cust. Appls. 273, T.D. 37537. It observed with criticism that the definition of a "machine" attributed to that case was not one which might be applicable generally in all cases. The *Simon, Buhler* case involved a brewery mash filter. The court, at page 277, stated:

The filter which is to be made in part of the castings now under consideration can not be regarded as a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion, and therefore in no sense can it be properly called a machine. * * * In fact, a filter for straining the mash from the malt liquor of the brewer's mash is no more a machine than is the kitchen colander or a box of sand for clearing muddy water. * * *

In *A. S. Aloe & Co.* v. *United States* (decided April 16, 1928), 53 Treas. Dec. 973, Abstract 5743, the merchandise was invoiced as calculators and classified under paragraph 360 of the Tariff Act of 1922, as mathematical instruments. The plaintiff claimed that the merchandise was dutiable as "machines" under paragraph 372. The court, in affirming the collector's classification, stated:

The sample is a device consisting of a metal tube approximately 6 inches in length and 1 inch in diameter, to the upper half of which is secured a numerical table. Encircling this numerical table is a tubular shaped piece of metal on each end of which is stamped an indicator. By raising or lowering the outer cylinder to the desired figures on the table one may calculate mathematically with the aid of this apparently simple and compact device. This instrument was held not to be a machine within the tariff meaning of that term as enunciated in Simon v. United States (8 Ct. Cust. Appls. 273; T.D. 37537). It was therefore held properly classified as a mathematical instrument under paragraph 360.

In *Thoresen, Inc.*, and *Rohner Gehrig & Co.*, *Inc.* v. *United States* (decided November 26, 1963), 51 Cust. Ct. 141, 145, C.D. 2422, the court referred to the *Aloe* case, *supra*, in the following significant manner:

It is significant that the *Aloe* case, *supra*, was drawn to the attention of Congress when it reenacted paragraph 360 of the Tariff Act of 1922 without change, so far as pertinent here, as paragraph 360 of the Tariff Act of 1930.

In the Summary of Tariff Information, 1929, prepared by the United States Tariff Commission for the use of the Committee on Ways and Means of the House of Representatives in drafting the Tariff Act of 1930, there appears at pages 774 and 775, reference to decisions relating to articles which had been "held dutiable under paragraph 360" of the Tariff Act of 1922, and among said articles are mentioned—

> \* \* \* *calculators* by which mathematics can be calculated (Ab. (N) 5743) \* \* \*. [Italics quoted.]

This is the *Aloe* case above referred to.

Since Congress reenacted the provision for mathematical instruments without change, the natural inference is that it was satisfied with the classification of certain calculators as mathematical instruments.

Quite in point with the instant case is the *Thoresen* case, *supra*, wherein the articles were described as "calculating machines" and were classified by the collector as mathematical instruments under paragraph 360 of the Tariff Act of 1930. The plaintiffs claimed that the articles were properly classifiable as articles or wares, not specially provided for, in chief value of metal, under paragraph 397.

The merchandise was described as a flat metal article, rectangular in shape, measuring approximately 5½ by 3¼ inches in size. On the face, at the top, were the words "CALCULATING MACHINE" and at the bottom "ADD SUBTRACT MULTIPLY." Also on the face were a series of slots in which figures from zero to nine were indicated. Notched slides were arranged so that by means of a stylus, attached to the device, the figures were operated in such a manner as to accomplish addition, subtraction, and multiplication. A slide attachment at the top of the device served to clear the tables of figures after a calculation had been made. The plaintiffs' witness testified that the merchandise was "an adding machine"; that it was used for addition and subtraction; and that, since multiplication was a form of addition, the article could be used for multiplication.

The court, in holding that the merchandise was properly classified as mathematical instruments within the scope of paragraph 360, stated (51 Cust. Ct. 145–146):

> Another case cited by defendant is *Joseph M. Ziabicki* v. *United States*, 35 Cust. Ct. 209, Abstract 59212 (1955), wherein certain devices described as "addiators" were classified by the collector as mathematical instruments in said paragraph 360. The opinion states that the instruments were manually operated, being used for purposes of addition and subtraction. \* \* \*

A physical examination of the exhibit in that case satisfied the court that it was not a "machine" within the meaning of paragraph 372 * * *. The claim of importer that the device should be classified as a machine or as a calculating machine in paragraph 372 was rejected and the classification by the collector as a mathematical instrument was sustained.

Counsel for the plaintiffs argue that the device before us, exhibit 1, is a machine and that it differs materially from the items involved in the *Thoresen* case, *supra*, and the cases cited therein.

We cannot accept this as a valid argument. Nor do we interpret the motion of the stylus in one's hand, when applied to the numbered slots on the calculator at bar, as constituting an operation which would increase the intensity of an applied force, or change its direction, within the meaning of the *Durst Mfg. Co.* case and other cases cited, *supra*.

In our opinion, the stapling machine and the paper punching machine, although operated by hand, use an applied force which is concentrated and intensified through simple leverage. Operating the instant calculator by means of the stylus does not strike us as a device requiring "force" as contemplated by the tariff provision, no more than "force," as such, is used to write with pencil on paper. We find no automatic reaction to a modifying force in the device before us. The testimony verifies that the slides move only as far as they are pushed with the stylus. The exposed inner workings of exhibit 2 also testify eloquently, in our opinion, that the instant device is not a machine within the common meaning of the term. The curved slot on the face of the article, alleged by the plaintiffs to be a "gear," does not accord with the definition of the term in Webster's Third New International Dictionary, unabridged, 1963 edition:

* * * 7a(1): a mechanism that performs a specific function in a complete machine * * * .

In adjudging the *Thoresen* case, *supra*, the court also stated:

There would seem to be little or no factual distinction between the subject merchandise and the articles described in the *Aloe* and *Ziabicki* cases. We, therefore, hold that the merchandise in controversy was properly classified by the collector of customs as mathematical instruments within the scope of paragraph 360, *supra*, and overrule the protest in all respects.

We find this language applicable and those cases controlling in the instant case.

The protests, therefore, are overruled.

Judgment will issue accordingly.