(C.D. 3272)

Sol Kahaner & Bro. *v.* United States

United States Customs Court, Second Division

(Decided February 1, 1968)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* and *David Serko* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Arthur H. Steinberg* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before Rao and Ford, Judges

Ford, Judge: Plaintiff by timely protest brings before this court for determination the proper classification of certain merchandise described on the invoices as "Rayon Braid." The collector of customs at New York classified the imported articles as trimmings under the provisions of paragraph 1529(a), Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Tade, 91 Treas. Dec. 150, T.D. 54108, and assessed duty thereon at the rate of 42½ per centum ad valorem.

The importer claims said merchandise is in fact braid made on a braiding machine which is suitable for making or ornamenting hats and as such dutiable at only 22½ per centum ad valorem under the provisions of said paragraph 1529(a), *supra*, as modified by the Trade Agreement with Switzerland, 90 Treas. Dec. 174, T.D. 53832.

The pertinent portions of the statutes involved read as follows:

Paragraph 1529(a), Tariff Act of 1930, as modified by T.D. 54108:

All-overs, edgings, flouncings, flutings, fringes, galloons, gimps, insertings, neck rufflings, ornaments, quillings, ruchings, trimmings, and tuckings, all the foregoing provided for in subdivision [2] of paragraph 1529(a) _____ 42½% ad val.

Paragraph 1529(a), Tariff Act of 1930, as modified by T.D. 53832:

Braids (including braids or bandings made wholly or in part of braids), suitable for making or ornamenting hats, bonnets, or hoods, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine, composed wholly or in chief value of rayon or other

synthetic textile, or of yarn, threads, or filaments
other than cotton, valued $1.60 or more per pound___ 50¢ per lb. but
not less than
22½% ad val.

This case was submitted upon the testimony of one witness, Herman Kahaner, a partner in the plaintiff firm, 13 exhibits, and a stipulation by and between counsel for the respective parties that the imported merchandise is valued at $2.29% per pound or more. Mr. Kahaner testified that he was familiar with the imported merchandise having designed and purchased it for his firm and having visited the factories of the two manufacturers involved herein. The witness identified the 13 exhibits which were received in evidence.

Mr. Kahaner described the operation he had observed in the plants of the manufacturers in Italy. He characterized the machine which manufactured the imported merchandise as a braiding machine. However, he admitted he is not a machine expert and, on cross-examination, admitted he was told by the manufacturers that it was a braiding machine. The imported merchandise is bought and sold as braid and not as trimming. The merchandise is sold to millinery firms and recently to dress manufacturing firms. Braid, according to the witness, is used to trim hats or "design the hat up."

Based upon the record as made, plaintiff contends the imported articles are braid made on braiding machines and which are used for making or ornamenting hats. Defendant, on the other hand, contends plaintiff has failed to overcome the presumption of correctness attaching to the classification of the collector in negativing the fact that the imported merchandise is not trimming.

In order for the court to determine the proper classification, it must consider all the statutory language involved. A careful reading of the statutory provisions claimed by plaintiff to be governing makes it abundantly clear that, in order for the involved merchandise to fall within that portion of paragraph 1529(a), it must be braid of the type suitable for the use prescribed and manufactured by one of the processes named and composed of one of the materials set forth as well as being over $1.60 per pound.

The first consideration is, therefore, whether the involved merchandise is braid. Since there is no claim to the effect that the term "braid" has a commercial designation which differs from the common meaning, we are guided by the common meaning of the term. In determining the common meaning of tariff terminology, the court may accept the testimony of a witness or may as an aid in such finding utilize dictionaries or other sources. *United States* v. *O. Brager-Larsen*, 36 CCPA 1, C.A.D. 388; *United States* v. *Tropical Craft Corp.*, etc., 42 CCPA 223, C.A.D. 598.

In the case of *United States* v. *C. I. Penn*, 27 CCPA 242, C.A.D. 93, the appellate court quoted the following definitions of the term "braid":

Funk & Wagnalls New Standard Dictionary defines the word "braid" as follows:

> braid, n. 1. A narrow flat tape or woven strip for binding the edges of fabrics or for ornamenting them. * * *
>
> 2. Anything braided, plaited, or interwoven, as a fillet, or plaited hair. * * *

Utilizing this definition and based upon visual examination of the exhibits, notwithstanding the testimony that said merchandise is bought and sold as braid, we are not convinced that the imported articles are, for tariff purposes, braid. A visual examination does, however, establish the imported articles to be composed of braid.

The term suitable for making or ornamenting hats does not require chief use or dedication but is limited to susceptibility of the use expressed. Such term is commonly understood to mean said articles are actually, practically, and commercially fit for such use. *United States* v. *Lorsch & Co.*, 8 Ct. Cust. Appls. 109, T.D. 37222; *Close & Stewart* v. *United States*, 20 Cust. Ct. 25, C.D. 1078. Based upon the record as made herein, there appears to be no question that the imported merchandise is actually, practically, and commercially fit for ornamenting a hat and is valued at over $1.60 per pound.

The manufacturing process must next be taken into consideration. The witness testified the imported article was produced on a braiding machine but admitted he was told it was a braiding machine by the manufacturer. He had no independent knowledge that the machine was in fact a braiding machine. Since the involved merchandise was made on a machine, it is obviously not handmade. There is a lack of evidence as to whether the machine which produced said merchandise is a loom, knitting, lace, or braiding machine. Since the provision involved includes the process of manufacture of the braid, it is essential that said article fall within one of the specified processes. Plaintiff has failed to establish this by a preponderance of credible evidence.

In addition to the failure of proof as to the manufacturing aspect of the involved braid, there is also a failure of proof as to the component material. Under the portion of paragraph 1529 (a), *supra*, claimed by plaintiff to be applicable to the imported braid, there is a requirement that said braid be composed of rayon or other synthetic textile or yarns, threads, or filaments other than cotton. The record is barren of any evidence relative to the component material which would bring the imported merchandise within the purview of paragraph 1529(a), as claimed.

In view of the foregoing, plaintiff has failed to overcome the presumption of correctness attaching to the classification of the collector. *Brown Boveri Corp., Gehrig Hoban & Co., Inc.* v. *United States*, 53 CCPA 19, C.A.D. 870; *Alintex, Inc. and Fred P. Gaskell Co., Inc.* v. *United States*, 53 CCPA 94, C.A.D. 883.

The protest is, therefore, overruled.

Judgment will be entered accordingly.