(C.R.D. 73-5)

Sol Kahaner & Bro. *v.* United States

Court Nos. 66/25961, 66/76518, 67/11547, and 67/15031
on textile products

(Dated February 13, 1973)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* and *Steven S. Weiser* of counsel) for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Velta A. Melnbrencis*, trial attorney), for the defendant.

Ford, Judge: This matter appears before me on a motion by plaintiff for summary judgment pursuant to rule 8.2(a) of the rules of this court and a cross-motion by defendant for the production of three witnesses, whose affidavits were part of plaintiff's motion, and for an extension of time within which to respond to plaintiff's motion.

It appears that on May 12, 1972, plaintiff served a motion to consolidate the four cases involved herein. On June 21, 1972, the cases were ordered consolidated and the complaint deemed filed. Defendant thereafter, on August 17, 1972, filed its answer and served plaintiff with interrogatories in its discovery proceedings. The answers to the interrogatories were served on defendant on October 20, 1972. Motion for summary judgment was thereafter filed by plaintiff on November 2, 1972. Defendant filed its cross-motion on December 4, 1972, on the ground it had not completed its discovery. Plaintiff replied thereto on December 22, 1972. The time to respond by defendant having expired on January 23, 1973, the matter was referred to me for decision.

Merchandise of this importer, which plaintiff contends is of the same general class, has been the subject of litigation under the slightly different provisions of the Tariff Act of 1930. *Sol Kahaner & Bro.* v. *United States*, 60 Cust. Ct. 94, C.D. 3272 (1968), on rehearing *Same* v. *Same*, 65 Cust. Ct. 512, C.D. 4130 (1970). The court therein found the merchandise to be composed of braid and suitable for ornamenting headware. However, there was a failure of proof with respect to the component material and the type of machine upon which the merchandise was manufactured. The latter two requirements are not covered by the provision claimed by plaintiff under the Tariff Schedules of the United States. Accordingly, both parties are well aware of the problems and complexities involved in this litigation. In addition thereto, prior to the institution of this action under the provisions of the Tariff Schedules of the United States, conferences were held with the parties after an impasse developed as a result of a multiplicity of motions made by the parties.

In view of the previous litigation and background involving this general issue, defendant's request for the production of certain witnesses for the taking of depositions is not warranted, since it appears the only result would be to extend the conclusion of this litigation. Under the circumstances, the court is of the opinion that justice will be best served by permitting no further delays.

There are presently 220 cases suspended under this action involving several hundred different styles. Litigation of the ten styles involved, i.e., 37921, 37979, 38270, 38292, 38310, 3116/3, V23/2, V389, V391 and V461, claimed to be subject to classification under item 703.95, Tariff Schedules of the United States, may or may not resolve the questions in the balance of the cases. However, to attempt to cover this broad spectrum by motion for summary judgment utilizing the support of three meager affidavits does not satisfy the court that questions of fact do not exist. Even if the court is to assume that the question of whether the merchandise is braid or of a braided material is one of law, the

question of suitability for making or ornamenting headwear is a question of fact. While the affidavits on their face appear to cover the subject in a broad manner, they are so perfunctory as to leave considerable doubt.

The court therefore concludes that evidence should be adduced at a trial where the witnesses are subject to extensive examination and cross-examination.

Accordingly, plaintiff's motion for summary judgment is denied as is defendant's cross-motion and the case is set for trial on March 15, 1973, at New York.

Order will issue accordingly.